UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
GREGORY THORNEWELL,            :
     Plaintiff,                :
                               :
v.                             :    Civ. No. 3:07CV00373(AWT)
                               :
DOMUS FOUNDATION, INC. and     :
STAMFORD ACADEMY, INC.,        :
     Defendants.               :
                               :
-------------------------------x
```

## RULING ON MOTION TO DISMISS

The plaintiff, Gregory Thornewell, brings this action against the defendants, Stamford Academy, Inc. and Domus Foundation, Inc., alleging race- and disability-based employment discrimination. The First Count of the Complaint alleges discriminatory discharge in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. §§ 46a-60 et seq. The Second Count alleges retaliation under Title VII and CFEPA. The Third Count alleges discrimination based on mental disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA") and CFEPA. The defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and their motion is being granted in part and denied in part.

-1-

I.   **FACTUAL ALLEGATIONS**

The plaintiff, Gregory Thornewell ("Thornewell"), was employed by co-defendant Stamford Academy, Inc. ("Stamford Academy") from August 2002 until his termination in May 2005. Stamford Academy, a charter high school, is a joint venture between the Stamford Public School System and co-defendant Domus Foundation, Inc. ("Domus").  Thornewell brought suit against Stamford Academy and Domus alleging that he was discriminated against on account of race and mental disability, and that the defendants retaliated against him for complaining about it when they terminated his employment in May 2005.

II.  **LEGAL STANDARD**

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruling on other grounds recognized by Davis v. Scherer, 468 U.S. 183 (1984).  "[A] complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief.  Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (citation omitted).  "This simplified notice pleading standard relies on

liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Id.

### III. <u>DISCUSSION</u>

    **A.   First Count**

In the First Count, Thornewell alleges wrongful termination under Title VII and CFEPA. The defendants argue that the First Count must be dismissed because Thornewell fails to establish a <u>prima facie</u> case of discrimination under Title VII and CFEPA. However,

> under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a <u>prima facie</u> case because the <u>McDonnell Douglas</u> framework does not apply in every employment discrimination case. For instance, if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a <u>prima facie</u> case. . . . It thus seems incongruous to require a plaintiff, in order to survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered.

<u>Swierkiewicz</u>, 534 U.S. at 511-12. In <u>Swierkiewicz</u>, the Court found that the plaintiff's complaint, which stated a claim under Title VII and the ADEA, "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination," was sufficient to "give [the defendant] fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." <u>Id.</u> at 514.

Thornewell alleges that he was "discharged for no apparent reason" and that "his behavior and actions were assessed on the basis of improper racial stereotypes." (Compl. at 6.) He also states that "a younger, white male . . . was hired to replace [him]." Id. at 7. Thornewell's factual allegations are sufficient to state a claim under Title VII and CFEPA for discrimination because of his race.

**B.     Second Count**

The Second Count does not adequately plead a retaliation claim under Title VII and CFEPA. Thornewell only alleges that he "complained about the discriminatory treatment that he [experienced]" (Compl. at 7), and that he was later terminated. Thornewell alleges that the date of his last complaint was June 3, 2004 and that he was terminated as of May 1, 2005. Id. at 7, 9. Standing alone, these allegations are not sufficient to state a claim for retaliation because the alleged retaliation occurred nearly a year after the protected activity (i.e. the complaints). See Clark County School District v. Breedon, 532 U.S. 268, 273 (April 23, 2001) (per curiam), reh'g denied 533 U.S. 912 (June 11, 2001) (citations omitted) (noting that temporal proximity between an employer's knowledge of protected activity and an adverse employment action must be "very close"). The plaintiff makes allegations concerning four other incidents in ¶¶ 3(a)-(d) of the Second Count. However, the plaintiff either fails to

provide dates with respect to those incidents or fails to alleged facts that show disparate treatment. Thus these allegations do not support an inference that he was retaliated against. Because the termination occurred too long after the plaintiff's last complaint to support a claim of retaliation standing alone, the Second Count must be dismissed because it does not state a claim upon which relief can be granted.

**C.   Third Count**

In the Third Count, Thornewell alleges discrimination under the ADA and CFEPA. The defendants again argue that the plaintiff has failed to establish a prima facie case. However, Thornewell alleges that he "is a person with a disability" and that he "was never permitted any reasonable accomodation" for his disability. (Compl. at 10.) He further alleges that, as a result of his disability, "all the worst assumptions were made about" him and that he was fired despite the fact that his classroom was often chosen to be shown to potential donors to the school. Id. at 10, 4. Thornewell concedes that he does not know at this time the technical medical name for his disability, but he does allege that he has a disability. As stated above, Thornewell is not required to establish a prima facie case, and his factual allegations are sufficient to state a claim under the ADA and CFEPA for discrimination on the basis of a disability.

**IV. CONCLUSION**

For the foregoing reasons, Domus Foundation, Inc.'s and Stamford Academy, Inc.'s Motion to Dismiss (Doc. No. 19) is hereby GRANTED as to the Second Count and DENIED as to the First Count and the Third Count.[1]

It is so ordered.

Signed this 4th day of December, 2007 at Hartford, Connecticut.

                                              /s/AWT
                                     Alvin W. Thompson
                                 United States District Judge

---

[1] The court notes that in the prayer for relief the Complaint incorrectly references the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110(a), instead of CFEPA. Compl. at 10-11.